UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRUCE WILSON,

                       Plaintiff,         **REPORT AND**
                                      **RECOMMENDATION**
      - against -

                                      CV 05-1962 (JS) (JO)

JOHN E. ROE, et al.,

                       Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Bruce Wilson ("Wilson") seeks emergency injunctive relief (both a temporary restraining order and a preliminary injunction) pursuant to Federal Rule of Civil Procedure 65. Docket Entry ("DE") 20. The defendants, Westmoreland Farm, Inc. ("Westmoreland") and four of its officers individually, oppose such relief. DE 21; DE 22. The Honorable Joanna Seybert, United States District Judge, has referred the matter to me for a report and recommendation. For the reasons below, I recommend that the application be denied.

I.      Background

Wilson is a minority stockholder in Westmoreland, a corporation that owns roughly 100 acres of real estate on Shelter Island, New York. DE 1 ("Complaint") ¶¶ 42, 44-45. On April 21, 2005, Wilson brought the instant suit against Westmoreland and its four officers and directors alleging various acts of wrongful conduct and self-dealing. *See id.* ¶¶ 66-78. The Complaint does not identify any specific causes of action, *see generally id.*, but it is less opaque as to the prayer for relief: Wilson seeks injunctive relief and compensation, an order of dissolution, or an "order of buyout." *Id.* ¶ 79. Westmoreland responded to Wilson's complaint on May 31, 2005 with an answer that generally denies the allegations and raises a number of affirmative defenses

including failure to state a cause of action, lack of subject matter jurisdiction, and the statute of limitations. DE 4 ("Answer") at 2-3.

On October 18, 2005, Wilson filed a letter motion seeking an emergency order in the form of a preliminary injunction or temporary restraining order to prevent Westmoreland from selling its assets during the pendency of the litigation. DE 20 ("Motion") at 1. It appears that the impetus for the instant motion is Westmoreland's anticipated sale of development rights and a conservation easement to 43.7 acres of its land to Suffolk County and the town of Shelter Island. Motion at 6-15 (photocopies of Nicholas Morehead, *Deal may save a site at heart of Island*, Shelter Island Reporter, April 22, 2005 and Peter Boody, *Town Agrees to join in deal saving part of Westmoreland*, Shelter Island Reporter, May 1, 2005). The municipal buyers are apparently pursuing the purchase, which has been the subject of publicized negotiations since at least the spring of 2005, to preserve the land against residential or commercial development. *See id* at 11-15. Press clippings that Wilson submitted to the court with his motion suggest that the Shelter Island Town Board approved the deal in April 2005, *see id.,* and a final public hearing was held on October 6, 2005. *Id.* at 4 (photocopy of *Notice of Public Hearing,* Shelter Island Reporter, Sep. 29, 2005 at 32). Wilson now seeks to bar consummation of the sale on the ground that it would cause him immediate and irreparable harm; the defendants assert to the contrary that the transaction would give him a financial benefit. *See* Motion at 2; DE 21, DE 22.

II.  Discussion

Preliminary injunctive relief is intended to maintain the status quo until it is possible to make a determination on the merits of an action. *New York v. Shinnecock Indian Nation,* 280 F. Supp.2d 1, 3 (E.D.N.Y. 2003). The standard for obtaining such relief is settled law:

> Preliminary injunctive relief is appropriate when a plaintiff establishes "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in [plaintiff's favor]."

*Id.* (quoting *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 108 (2d Cir. 2003)).

Irreparable harm is "the most important prerequisite for the issuance of a preliminary injunction." *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995) (citations omitted). To satisfy this requirement, "[the] moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." *Id.*

Wilson contends that Westmoreland's sale of the development rights and a conservation easement will cause irreparable harm to those interests he has at stake in this litigation. Motion at 2. While the Motion does not specify what those interests are, or how they will be harmed, I assume Wilson has in mind his ownership interest in Westmoreland stock and that he fears the potential sale at issue would adversely affect that interest.

Westmoreland counters that the anticipated sale will actually benefit Wilson because once it is consummated Wilson will be entitled to a pro rata share of the sale proceeds, an amount it estimates to be $54,820 based on Wilson's ownership share. Westmoreland also suggests that Wilson's motion is premature because the sale is still two to three months away and, in any event, must first be ratified at a shareholders meeting – a meeting to which Wilson will be invited and at which he will have the opportunity to object on the record and vote against the sale, should he so desire. *See* DE 21 at 2. The individual defendants echo Westmoreland's arguments and raise the

3

additional point that any harm Wilson might experience is not irreparable but can be remedied with monetary damages that could easily be calculated based on the fair value of his shares. *See* DE 22.  I agree with the defendants on this score:  to the extent Wilson is in danger of suffering any harm, it is surely not irreparable.  The latter conclusion is a sufficient basis on which to deny the instant motion, and obviates the need for any analysis of the likelihood of Wilson's success on the merits.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court deny Wilson's application for emergency injunctive relief.

IV.     Objections

Counsel for the defendants is directed to serve a copy of this Report and Recommendation on the plaintiff by certified mail, and to file proof of service with the court.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service.  Failure to file objections within this period waives the right to appeal the Report and Recommendation.  *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       November 3, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge